UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMANDA SUE WALLACE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:09CV1908 FRB |
| ) | |
| JENNIFER MILLER, et al., ) | |
| ) | |
| Respondents.[1] ) | |

**MEMORANDUM AND ORDER**

This cause is before the Court on Missouri state prisoner Amanda Sue Wallace's <u>pro</u> <u>se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

**I. Background**

On October 11, 2006, petitioner plead guilty to three of four criminal charges brought against her in three separate cases. Specifically, petitioner plead guilty to one count of Possession of a Controlled Substance, one count of Sale of a Controlled Substance, and one count of Escape from Custody. Pursuant to a

---

[1]Petitioner is currently incarcerated at the Chillicothe Correctional Center (CCC) in Chillicothe, Missouri. Inasmuch as Steve Larkins is Warden of CCC, he should be substituted for Jennifer Miller as proper party respondent. In addition, inasmuch as petitioner is challenging a sentence to be served in the future, Missouri Attorney General Chris Koster should be added as a proper party respondent. Rules 2(a), (b), Rules Governing Section 2254 Cases in the United States District Courts.

plea agreement, petitioner was to receive a sentence of seven years' imprisonment on the possession charge, eight years' imprisonment on the distribution charge, and four years' imprisonment on the escape charge.  It was also agreed that while the court would execute the sentences, petitioner would be furloughed from the jail and be allowed to self-report on the date the court set for her to be transported to the Department of Corrections.  Whether these sentences were to run concurrently or consecutively was dependent upon whether petitioner complied with the court's order to appear as directed.  To accomplish this, the judgment and sentence entered by the trial court ran the sentences consecutively, but the agreement was that it would be amended to run the terms concurrently when petitioner appeared as directed.  After pronouncing its sentence, the trial court ordered petitioner's release from custody, gave her the date on which she was to return for transport, and cautioned her against failing to appear.  See generally Wallace v. State, 286 S.W.3d 864 (Mo. Ct. App. 2009).

When the date for petitioner's transport arrived, petitioner did not appear as ordered.  A warrant for her arrest was issued and no amendment of her sentence was made.  Petitioner was apprehended in Arkansas over thirteen months later and was thereafter delivered to the Missouri Department of Corrections.  Within the time permitted by Missouri Supreme Court Rule 24.035,

petitioner filed a motion for post-conviction relief, which was dismissed by the trial court pursuant to Missouri's "escape rule." Petitioner appealed the dismissal of the motion. On June 10, 2009, the Missouri Court of Appeals likewise dismissed petitioner's appeal pursuant to the escape rule. Wallace, 286 S.W.3d at 867-68. Petitioner filed the instant petition for writ of habeas corpus in this Court on November 19, 2009.

Petitioner is currently incarcerated at the Chillicothe Correctional Center in Chillicothe, Missouri. In the instant petition, petitioner raises two claims for relief:  1) that she received ineffective assistance of counsel by his failure to disqualify the prosecuting attorney in her case; and 2) that the trial court erred in dismissing her motion for post-conviction relief on the basis of the escape rule. In response, respondents contend that the Missouri Court of Appeals' application of the escape rule constituted an independent and adequate state ground upon which to deny petitioner relief, and thus that petitioner is procedurally barred from bringing her claims in this federal habeas action. For the following reasons, respondents' contention is well taken.

## II.  Discussion

A petitioner must exhaust her state law remedies before the federal court can grant relief on the merits of her claims in a habeas petition. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel,

526 U.S. 838, 842 (1999); Echols v. Kemna, 511 F.3d 783, 785 (8th Cir. 2007).  The Court must first examine whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the state court.  Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988); see also Boerckel, 526 U.S. at 848.  If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which she could present her claims to the state court.  Smittie, 843 F.2d at 296.  When the petitioner's claims are deemed exhausted because she has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse her state court default and actual prejudice resulting from the alleged unconstitutional error, or that a fundamental miscarriage of justice would occur if the Court were not to address the claims.  Coleman v. Thompson, 501 U.S. 722 (1991); Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir. 1995); Stokes v. Armontrout, 893 F.2d 152, 155 (8th Cir. 1989).  Before reviewing any claims raised in a habeas petition, the Court may require that every ground advanced by the petitioner survive this exhaustion analysis.  Rhines v. Weber, 544 U.S. 269 (2005).

       Federal courts will not entertain a habeas claim if the state court's decision on the claim rests on a state law ground that is independent of the federal question, and adequate to

support the judgment.  Lee v. Kemna, 534 U.S. 362, 375 (2002); see also Pollard v. Delo, 28 F.3d 887, 889 (8th Cir. 1994).  For application of a state procedural rule to be adequate to bar federal review, the rule must be generally sound and "'strictly or regularly followed.'"  Echols, 511 F.3d at 786 (quoting Barr v. City of Columbia, 378 U.S. 146, 149 (1964)).  "Further, a state procedural bar is adequate only if state courts have applied the rule evenhandedly to all similar claims."  Id. (citing Hathorn v. Lovorn, 457 U.S. 255, 263 (1982)).

The Missouri escape rule provides that state courts have the discretion to deny a defendant appellate or post-conviction relief when the defendant escapes from the control of the state.  Echols, 511 F.3d at 786.  The authority of Missouri state courts to invoke this rule is triggered by proof that the defendant has, in fact, escaped, and that the defendant's escape has impacted the administration of justice.  Id.  In Echols, the Eighth Circuit determined that the Missouri escape rule is regularly followed.  Id. at 786-88.  The question thus turns to whether the rule has been applied evenhandedly to defendants similarly situated to the petitioner here.

In this cause, petitioner absconded for thirteen months after her sentencing and after being specifically cautioned by the court against absconding.  Indeed, petitioner was provided the opportunity to receive favorable execution of her sentence for a

voluntary surrender for transport.  In spite of the court's admonition and its favorable consideration, petitioner absconded. Because of petitioner's willful failure to appear for transport, her lack of justification for such failure, and the adverse effect such conduct had in the administration of justice and on the criminal justice system, the Missouri Court of Appeals invoked the escape rule and dismissed petitioner's appeal. Wallace, 286 S.W.2d at 867-68.  Missouri courts have consistently applied the escape rule to similarly situated defendants to deny relief. See, e.g., Dobbs v. State, 229 S.W.3d 651 (Mo. Ct. App. 2007) (affirming motion court's refusal to hear defendant's motion for post-conviction relief where defendant escaped while awaiting sentencing and remained at large for several months before being recaptured); Pradt v. State, 219 S.W.3d 858 (Mo. Ct. App. 2007) (applying rule where defendant escaped twice and had to be forcefully brought back before the court); Laws v. State, 183 S.W.3d 629 (Mo. Ct. App. 2006) (affirming motion court's refusal to hear motion for post-conviction relief where defendant fled from sentencing and remained at large for eighteen days before being recaptured); Crawley v. State, 155 S.W.3d 836 (Mo. Ct. App. 2005) (affirming motion court's refusal to hear defendant's request for post-conviction relief where defendant escaped before being sentenced on a probation violation and remained at large for over eighteen months before being recaptured); State v. Surritte, 35 S.W.3d 873, 875 (Mo. Ct.

App. 2001) (applying rule to refuse to hear the defendant's direct appeal where defendant escaped for four days causing a fourteen-day delay in sentencing).

In light of the foregoing, the undersigned determines that the Missouri escape rule is regularly followed and has been applied consistently to defendants similarly situated to the petitioner here. As such, the Missouri Court of Appeals' invocation of the rule to dismiss petitioner's post-conviction appeal constituted an independent and adequate state ground upon which to deny relief. In addition, petitioner has failed to demonstrate adequate cause to excuse her state court default and actual prejudice resulting from the alleged unconstitutional error, or that a fundamental miscarriage of justice would occur if the Court were not to address her claims. Accordingly, petitioner is barred from pursuing the claims in this federal habeas action. Coleman v. Thompson, 501 U.S. 722 (1991); Echols, 511 F.3d at 788.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Steve Larkins, Warden of Chillicothe Correctional Center, is substituted for Jennifer Miller as proper party respondent.

**IT IS FURTHER ORDERED** that Missouri Attorney General Chris Koster is added to this cause of action as a proper party respondent.

**IT IS FURTHER ORDERED** that petitioner Amanda Sue Wallace's petition for writ of habeas corpus (Doc. #1) is dismissed without further proceedings.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue in this cause inasmuch as petitioner has failed to make a substantial showing that she has been denied a constitutional right.

*/s/ Frederick R. Buckles*
_____
UNITED STATES MAGISTRATE JUDGE

Dated this  _20th_  day of March, 2013.